IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD A. SADOWSKI  : CIVIL ACTION
:
v. : NO. 08-0980
:
UNUM LIFE INSURANCE :
COMPANY OF AMERICA :

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                 **August 11, 2008**

      Unum Life Insurance Company of America (Unum) moves for summary judgment contending Sadowski's claims are time-barred. Richard A. Sadowski argues equitable tolling applies, making his claims timely. This Court agrees with Unum and grants its summary judgment motion.

**FACTS**

      In February 2008, Sadowski sued Unum for denying his disability claim in the Court of Common Pleas for Philadelphia County. Defendant then removed to this Court, contending the dispute violated the Employee Retirement Income Security Act of 1974 (ERISA).[1] As part of its employee benefits, Global Crossing, Sadowski's employer, provided its employees with long term disability benefits regulated by ERISA. Global Crossing funded these long term disability benefits by purchasing a group disability policy from Unum, which administered the plan.

      On February 27, 2001, Sadowski suffered a work-related injury to his knee and back, which disabled him since March 5, 2001. According to Unum's policy, an employee may initiate a claim 60 days after providing a proof of claim and up to three years from the time proof of claim is

---

[1] 29 U.S.C. § 1001 *et seq.*

required, unless federal law required otherwise.  The policy also states an employee must provide a written proof of claim no later than 90 days after the elimination period expires.[2]  An employee may appeal Unum's decision within 60 days after receiving notice of the denial.

Sadowski applied to Unum for long term disability benefits, but Unum denied his claim on November 2, 2001.  On March 25, 2002, Sadowski appealed, but on May 7, 2002, Unum affirmed contending the appeal was untimely under its policy.  This denial completed Unum's administrative review process, thus exhausting Sadowski's administrative remedies.

On July 2, 2003, Sadowski submitted additional medical records to Unum and requested benefits.  Unum responded Sadowski's submission was untimely and the original denial remained in place.  Sadowski subsequently filed suit in the Court of Common Pleas for Philadelphia County on November 2, 2004, but it was dismissed for *non prosequitar*.[3]

Sadowski received a letter from Unum dated February 8, 2005 stating employees whose disability benefits were denied could participate in Unum's claims reassessment process by responding within 60 days of the date of the letter.  The letter stated any applicable statutes of limitations for participants would be tolled during the pendency of the reassessment process.  Sadowski, however, was required to respond to the letter by April 9, 2005, or 60 days after February 8, 2005, to benefit from this tolling.  Sadowski has not argued nor presented any evidence he responded within the required 60 days.  Sadowski's current complaint alleges a breach of company policy, not the February 8, 2005 letter.

---

[2]The policy defines the elimination period as the beginning of a worker's disability, at which time benefits are not payable, and expires 187 days after the disability begins.

[3]Because Sadowski's state court claim was dismissed for *non prosequitur*, and not on the merits, this Court can hear his claims.  *See Hatchigian v. Koch*, 553 A.2d 1018, 1020 (Pa. Super. 1989).

**DISCUSSION**

A court may grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c).  In order to determine whether genuine issues of material fact exist, the court must examine the evidence in the light most favorable to the nonmoving party, and resolve all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

A statute of limitations is the length of the period allowed for filing suit and "inevitably reflects a value judgment concerning the point at which the interest in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 463-64 (1975).  ERISA has no specific statute of limitations. *Hahnemann Univ. Hospital v. All Shore, Inc.*, 514 F.3d 300, 305-06 (3d Cir. 2008) (quoting *Gluck v. Unisys Corporation*, 960 F.2d 1168, 1179 (3d Cir. 1992)).  The Third Circuit has held when Congress omits a statute of limitations for a federal law, courts will borrow the local statute of limitations most applicable to the case at hand. *Id.*  Under the Third Circuit, the most applicable statute of limitations to adopt for ERISA when applying Pennsylvania law is the four year breach of contract limitation. *Id.*; *Gluck*, 960 F.2d at 1182.

The Third Circuit has also ruled two parties may contract for a shorter statute of limitations, as long as it is not "manifestly unreasonable." *Hahnemann University Hospital*, 514 F.3d at 306; *cf. Gluck*, 960 F.2d at 1179 (stating two parties may contract for choice of law provisions for statutes of limitations if the parties state expressly which limitations period to use).

Determining which statute of limitations to apply is a question of federal law in itself.

*DelCostello v. International Brothers of Teamsters*, 462 U.S. 151, 160 n.13 (1983). Although case law does not provide guidance as to which statute of limitations to apply, the Third Circuit previously has chosen to follow a policy's statute of limitations over the Pennsylvania statute of limitations for contracts. *Fontana*, 67 Fed. Appx. at 724 n.1. In *Fontana*, a case involving an ERISA violation claim, the Third Circuit determined a three year contractual statute of limitations was correct rather than the four year statute of limitations under Pennsylvania law.[4]

Unum's policy expressly provides for a three year limitation period, which Sadowski does not dispute. The facts do not present any legal conflict requiring the use of the ERISA statute of limitations over the statute of limitations agreed to in the policy. Thus, because the policy expressly sets forth a reasonable three year statute of limitations, the application of the contractual statute of limitations is appropriate. *Id.*; *Hahnemann Univ. Hospital*, 514 F.3d at 306.

The Third Circuit does not make clear when the statute of limitations begins to run in an ERISA case. The most relevant case law shows an ERISA action does not accrue until benefits are formally denied. *Tinley v. Gannet Co., Inc.*, 55 Fed. Appx. 74, 78 (3d Cir. 2003) (citing *Lewis v. John Hancock Mut. Life Ins. Co.*, 6 F. Supp. 2d 244, 247 (S.D.N.Y. 1998)). The law does not clarify whether a formal denial results from an initial denial or a denial on appeal. *Id.* (explaining a statute of limitations generally accrues when a plan denies a beneficiary's formal application for benefits,

---

[4]In *Fontana*, the court states:

> Appellant does direct this Court's attention to the four year statute of limitations applicable to contract actions in Pennsylvania. We find that the . . . correct statute of limitations was the three year period contractually agreed to by the parties in the health plan. We further agree that the three year statute of limitations is reasonable.

*Fontana*, 67 Fed. Appx. at 724 n.1 (citations omitted).

but does not address whether this rule applies to initial denials or denials on appeal).

Sadowski's petition is untimely under either the three and four year statutes of limitations, as applied from the denial on appeal, the initial denial, and the policy's written proof of claim deadline. Because Sadowski's petition is untimely under all scenarios, the Court will analyze Sadowski's claim under the longer statute of limitations starting on the most recent date. The most recent date the statute of limitations could accrue is the date his appeal was denied on May 7, 2002. Using the four year statute of limitations, Sadowski would have to have filed suit by May 7, 2006. Sadowski, instead, filed this suit in February 2008.

Sadowski contends the letter he received from Unum regarding claims reassessment re-set the statute of limitations.[5] This argument fails. The letter required Sadowski to respond within 60 days from the date on the letter, February 8, 2005, to benefit from the tolling of the statute of limitations. Even if the letter could toll the statute of limitations, Sadowski does not submit any evidence demonstrating he either (1) applied for the program within the 60 days, or (2) he applied for the program and the claims reassessment process tolled the statute of limitations until a certain date. Because Sadowski does not present any evidence to support his argument for equitable tolling, summary judgment must be granted.

An appropriate order follows.

---

[5]Although Sadowski does not expressly argue for the application of equitable tolling, the Court interprets this as his argument. Equitable tolling applies: (1) where the defendant actively misleads the plaintiff about his cause of action (fraudulent concealment); (2) where some extraordinary circumstance prevents the plaintiff from asserting his rights; or (3) where the plaintiff has timely asserted his rights, but in the wrong forum. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994); *Wise v. Mortgage Lenders Network USA Inc.*, 420 F. Supp. 2d 389, 393-94 (E.D. Pa. 2006). Sadowski does not proffer any reasons, evidence, or case law to demonstrate how this letter justifies equitable tolling under any of the three circumstances from *Oshiver*.